UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80360-CIV-MARRA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ANTHONY FARERI
and FARERI FINANCIAL SERVICES, INC.
d/b/a AMERIFINANCIAL,

        Defendants,

and

ANTHONY FARERI & ASSOCIATES, INC.

        Relief Defendant.

ECF Case

_____] FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendants Anthony Fareri ("Fareri"), Fareri Financial Services, Inc.("FFS"), and Relief Defendant Anthony Fareri & Associates, Inc.("AFAI"). Defendant Fareri, for himself and for FFS and relief defendant AFAI, was personally served on April 15, 2009. The affidavits establishing service of the summonses for both defendants and the relief defendant were filed with the Court on May 19, 2009. Plaintiff applied for entry of default with the Clerk of the Court on January 3, 2011. The Clerk entered defaults against the defendants and relief defendant on January 4, 2011. Plaintiff now moves for Entry of a Default Judgment.

Upon consideration of the Motion and being otherwise advised in the premises, the Court enters the following judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against defendants Fareri, FFS, and relief defendant AFAI.

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendants Fareri and FFS is **GRANTED**.

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Fareri, FFS their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Fareri, FFS and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant FFS its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] by using the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or

sale of, any security otherwise than on a national securities exchange of which it is a member, by means of any manipulative, deceptive, or other fraudulent device or contrivance.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Fareri is jointly and severally liable with Defendant AFAI for the kickback checks making him liable to pay disgorgement of $1,840,703 plus prejudgment interest thereon in the amount of $667,031.73 for a total of $2,507,734.73 (hereinafter collectively the "Disgorgement"). Defendant FFS is jointly and severally liable with Fareri to pay $160,703.74 of the Disgorgement constituting the portion of the Disgorgement attributed to commissions and/or markups for placing customer purchase orders for the stock of American Financial Holdings, Inc. and Secure Solutions Holdings, Inc. Relief Defendant AFAI is liable to pay disgorgement in the amount of $820,000 for receiving funds as kickbacks in connection with the scheme to sell the stock of American Financial Holdings, Inc. and Secure Solutions Holdings, Inc. to customers of FFS plus prejudgment interest thereon of $297,150.61 for a total of $1,117,150.61.

Payments under this Order shall be made to the Clerk of this Court, together with a cover letter identifying Defendants and AFAI as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants and AFAI shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.

Defendants and AFAI relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendants or AFAI. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Fareri and FFS shall pay a civil penalty in the amount of $ _100,000_ pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Fareri and FFS as defendants in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Fareri is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for purposes of enforcing this Final Judgment. *All pending motions are denied as moot. The Clerk shall close the case.*

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *February 28*, 2011

_____
UNITED STATES DISTRICT JUDGE